UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DEBORAH BRADLEY,  Civil No. 06-1624 (PJS/RLE)

    Plaintiff,

v.  ORDER

NATIONAL CONVENTION SERVICES, LLC;
GEORGE LITTLE MANAGEMENT, LLC;
DISPLAY DESIGNS, INC.;
GES EXPOSITION SERVICES; and
ENGLISH HOME LTD.,

    Defendants.

---

    Keith Ekstrom, BREMSETH LAW FIRM, P.C., 810 East Lake Street, Wayzata, MN 55391, for plaintiff.

    Lawrence J. Hayes, KNUTSON, FLYNN & DEANS, P.A., 115 Centre Pointe Drive, Suite 10, Mendota Heights, MN 55120, for defendant National Convention Services, LLC.

    Steven Sitek, RIDER BENNETT, LLP, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402, for defendant Display Designs, Inc.

    Jason M. Hill, JOHNSON & LINDBERG, P.A., 7900 International Drive, Suite 960, Minneapolis, MN 55425, for defendant George Little Management, LLC.

    Adrian Mendoza, LILLIG & THORSNESS, LTD., 1900 Spring Road, Suite 200, Oak Brook, IL 60523, for defendant GES Exposition Services.

    Byron E. Starns, Jr., LEONARD, STREET AND DEINARD, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant English Home Ltd.

Several motions are before the Court: (1) Defendant Display Designs, Inc. ("Display Designs") has moved to dismiss plaintiff Deborah Bradley's ("Bradley's") claims for lack of personal jurisdiction. (2) Defendant Display Designs has moved to dismiss the cross-claim of defendant GES Exposition Services for lack of personal jurisdiction. (3) Defendant English Home Ltd. ("English Home") has moved to dismiss plaintiff's claims for lack of personal jurisdiction. (4) Defendant National Convention Services, LLC ("National Convention Services") has moved to dismiss plaintiff's claims for lack of personal jurisdiction. And (5) Defendant George Little Management, LLC ("GLM") has moved to dismiss this action or transfer it under 28 U.S.C. § 1406(a) because of improper venue or, in the alternative, to transfer this action under 28 U.S.C. § 1404(a) for the convenience of the parties.

The parties are familiar with the facts.

As noted, three of the defendants — Display Designs, English Home, and National Convention Services — allege that this Court cannot exercise personal jurisdiction over them. The burden is on Bradley to make a prima facie showing of personal jurisdiction over these defendants. *See Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir.1995). In deciding whether Bradley has made that showing, the Court "must look at the facts in the light most favorable to [her], and resolve all factual conflicts in [her] favor." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

Typically, when a defendant moves under Fed. R. Civ. P. 12(b)(2) to dismiss a claim for lack of personal jurisdiction, a federal court must make two decisions:[1] First, the federal court must determine whether jurisdiction over the defendant is extended by the long-arm statute of the forum state.  Second, the federal court must determine whether a court of the forum state could exercise that jurisdiction over the defendant consistent with the Due Process Clause of the Fourteenth Amendment.  *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 790 (8th Cir. 2005); *Digi-Tel Holdings*, 89 F.3d at 522.  However, Minnesota's long-arm statute has been construed to provide every bit of the jurisdiction that is permitted by the Due Process Clause. *See Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992) ("[Minnesota's] long-arm statute does not place barriers to Minnesota long-arm jurisdiction in addition to those placed on its exercise by the Due Process Clause.  If the personal jurisdiction requirements of the federal constitution are met, the requirements of the long-arm statute will necessarily be met also.").  Thus, in this case, the Court needs to consider only the constitutional question.

The Eighth Circuit applies a five-factor test in determining whether personal jurisdiction can be exercised over a defendant consistent with the Due Process Clause.  District courts are instructed to consider:

---

[1] These inquiries are necessary because of Fed. R. Civ. P. 4(k)(1)(A), which provides that "[s]ervice of a summons or filing of a waiver of service is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."  Thus, in deciding whether it has personal jurisdiction over a defendant, a federal court sitting in diversity must ask whether a court of the state in which the federal court sits could exercise personal jurisdiction over the defendant.  *See Dean v. Olibas*, 129 F.3d 1001, 1003 (8th Cir. 1997) ("Under Federal Rule of Civil Procedure 4(k)(1)(A), in a diversity action a federal district court has personal jurisdiction to the same extent as a state court of the state in which it sits (unless some other federal rule applies, but none does here).").

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006); *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). The Eighth Circuit has said that the first three of these factors "are of primary importance," and the last two are of only "'secondary'" importance. *Digi-Tel Holdings*, 89 F.3d at 523 (quoting *Minnesota Min. and Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th Cir.1995)); *see also Johnson*, 444 F.3d at 956 ("The last two factors carry less weight and are not dispositive."). This makes sense, as the Court is, after all, determining the extent of a *defendant's* constitutional rights — and, in particular, whether a defendant has such "minimum contacts" with Minnesota that forcing it to defend a lawsuit here will not offend "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The fourth and fifth factors are only tangentially related to that inquiry.

In this case, all parties agree on the application of the third factor: Bradley's cause of action is not related to the contacts that any defendant has with Minnesota. Therefore, Bradley must establish, with respect to each defendant, that Minnesota can exercise *general* jurisdiction. In other words, Bradley must establish that each defendant has had such "continuous and systematic" contacts with Minnesota that it would be fair for Minnesota courts to exercise jurisdiction over any dispute involving the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *see also Johnson*, 444 F.3d at 956; *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). Put differently, a defendant's contacts with Minnesota have to be of such quality and quantity "to cause it 'reasonably [to] anticipate being

haled into court there'" — not just to defend lawsuits that arise out of those contacts, but to defend *any* lawsuit brought by *any* plaintiff. *Anderson v. Dassault Aviation*, 361 F.3d 449, 451 (8th Cir. 2004) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In this case, neither Display Designs nor English Home has sufficient contacts with Minnesota to permit the exercise of general jurisdiction over it.

As to Display Designs: The record shows that, in the almost 20 years in which Display Designs has been in business, it has had exactly two contacts with Minnesota: In 2000 and then again in 2001, Display Designs was hired by a New York company to build an exhibit for display at a trade show at the Minneapolis Convention Center. Scarfone Decl. ¶ 3. Display Designs put the exhibit together, shipped it to Minnesota, and hired a local subcontractor to set up and dismantle it. *Id.* On each occasion, the subcontractor provided four men, and those men worked two days. *Id.*

Other than those two occurrences, Display Designs has had no contact with Minnesota. It is not incorporated here. *Id.* at ¶ 2. It owns no property here. It does not maintain an office here. It has no employees or other representatives here. None of its employees has ever traveled here on the business of Display Designs. *Id.* at ¶¶ 3-5. It does not target any advertising specifically to Minnesota. It does nothing to solicit business specifically from Minnesota residents. *Id.* at ¶ 6. And, of course, it did nothing to cause injury to anyone in Minnesota. Bradley Aff. ¶ 2.

Despite the paucity — indeed, near non-existence — of Display Designs's contacts with Minnesota, Bradley argues that a Minnesota court may nevertheless exercise personal jurisdiction over the company for three reasons:

First, Bradley argues that Display Designs is a national company. That is true, in the sense that Display Designs serves customers throughout the United States. But the question is not whether Display Designs is a "local" or "national" company, or whether Display Designs has minimum contacts with the nation as a whole. The question is whether Display Designs has sufficient contacts with Minnesota. It does not.

Second, Bradley points out that Display Designs has a established a website. That website, however, is merely a passive device that gives Display Designs a presence on the Internet. *See* http://www.displaydesigns1.com; Scarfone Decl. ¶ 6. Prospective customers cannot place orders or otherwise enter into contracts with Display Designs through its website. Such websites "generally do not support exercise of personal jurisdiction." *Multi-Tech Systems, Inc. v. VocalTec Communications, Inc.*, 122 F.Supp.2d 1046, 1050 (D. Minn. 2000). Moreover, Bradley's lawsuit is completely unrelated to the website maintained by Display Designs. Bradley is not suing over the content of the website or any product or service ordered through the website.

Finally, Bradley argues that this is a *res ipsa loquitor* case, and therefore few, if any, witnesses will be needed to establish negligence. Putting aside the fact that this argument goes to the "convenience" factor — a factor of "secondary" importance — Bradley's conclusion does not follow from her premise (even if the premise is true). *Res ipsa loquitor* may establish that *someone* was negligent here; as Bradley points out, walls don't usually collapse in the absence of negligence. But *res ipsa loquitor* does nothing to establish *who* was negligent. That issue will presumably be hotly contested by Bradley and the five defendants, and they will call witnesses — most of whom live in and around New York City — to bolster their cases.

The parties have cited no case — and the Court has found no case — in which a federal or state court has exercised general jurisdiction over a defendant that has so few contacts with the forum state. Every case cited by Bradley in opposing Display Design's motion involves a defendant who had more significant contacts with the forum state. At the same time, Display Design has cited cases — most prominently, *Morris v. Barkbuster, Inc.*, 923 F.2d 1277 (8th Cir. 1991) — in which much more substantial contacts between a defendant and the forum state were held *not* to support the exercise of general jurisdiction. Clearly, this Court does not have personal jurisdiction over Display Designs in this matter.

Both National Convention Services and English Home have also moved to dismiss for lack of personal jurisdiction. The Court concludes that it can exercise personal jurisdiction over National Convention Services, largely for the reasons explained by Judge Lloyd B. Zimmerman in his January 24, 2006 order.[2] The Court further concludes that it cannot exercise personal jurisdiction over English Home — a British company that, in almost 25 years of existence, has had no contact with Minnesota, with the exception of three sales made to Minnesota residents through its website and five sales made to Minnesota residents who attended trade shows in other states. Churchward Aff. ¶ 5.

The Eighth Circuit has indicated that the existence of a website — even a website that permits customers to place orders — is not, in and of itself, sufficient to permit a state to exercise general jurisdiction over the website's owner. *See Lakin v. Prudential Securities, Inc.*, 348 F.3d

---

[2]This case was originally filed in a Minnesota state court and was removed after Judge Zimmerman denied the motion of National Convention Services to dismiss for lack of personal jurisdiction.

704, 711 (8th Cir. 2003). Rather, a court must identify all of the defendant's contacts with the forum state and ask whether those contacts are *both* "continuous" *and* "substantial." *See id.*

English Home's contacts with Minnesota — three Internet and five non-Internet sales of products to Minnesota residents — are neither "continuous" nor "substantial." Instead, they were few in number, they were sporadic, and they were one-time events. There is no indication that English Home has established long-term relationships with any Minnesota citizen through its website, as might be the case if, for example, English Home was taking job or loan applications over the Internet. This Court may not exercise general jurisdiction over English Home.

As another defendant (GLM) has pointed out in moving to transfer this case under 28 U.S.C. § 1406(a), the fact that this Court does not have personal jurisdiction over Display Designs and English Home also means that venue over this case does not lie in the District of Minnesota. This is a diversity action, and, according to 28 U.S.C. § 1391(a), a diversity action may be brought in one of only three places:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section (c) of § 1391 further provides that, for the purposes of § 1391(a), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Venue does not lie in the District of Minnesota under any of these clauses: Under § 1391(a)(1), venue does not lie because "*all* defendants" do not "reside in [Minnesota]."

Neither Display Designs nor English Home is subject to personal jurisdiction in Minnesota, and thus neither "resides" in Minnesota for purposes of § 1391(a)(1).[3] Under § 1391(a)(2), venue does not lie because "a substantial part of the events or omissions giving rise to the claim" did not occur in Minnesota. And under § 1391(a)(3), venue does not lie because that clause applies only when "there is no district in which the action may otherwise be brought." This action may be brought in the Southern District of New York, where venue would lie under § 1391(a)(2) — and, because a New York court would almost surely have personal jurisdiction over all of the defendants, venue would also lie under § 1391(a)(1).

When a court concludes that venue does not lie under any provision of § 1391(a), the court is authorized by § 1406(a) to "transfer such case to any district . . . in which it could have been brought." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). As noted, this case could have been brought in the Southern District of New York. Therefore, rather than dismiss two of the five defendants and risk creating piecemeal litigation, the Court will invoke § 1406(a) and transfer this case to the Southern District of New York.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of defendant National Convention Services, LLC to dismiss plaintiff's claims for lack of personal jurisdiction [Docket No. 86] is DENIED.

---

[3]It appears that, by virtue of § 1391(d), venue over this action might be proper in the District of Minnesota if *only* English Home was outside of the personal jurisdiction of the Court. *See* 28 U.S.C. § 1391(d) ("An alien may be sued in any district."). But the Court need not address the question, as Display Designs is also outside of the personal jurisdiction of the Court.

  2. The motion of defendant George Little Management, LLC to dismiss or transfer under 28 U.S.C. § 1406(a) for improper venue or, in the alternative, to transfer under 28 U.S.C. § 1404(a) for convenience of parties [Docket No. 77] is DENIED insofar as it seeks dismissal of the case, GRANTED insofar as it seeks transfer under 28 U.S.C. § 1406(a), and DENIED AS MOOT insofar as it seeks transfer under 28 U.S.C. § 1404(a).

  3. The motion of defendant Display Designs, Inc. to dismiss plaintiff's claims for lack of personal jurisdiction [Docket No. 8] is DENIED AS MOOT.

  4. The motion of defendant Display Designs, Inc. to dismiss the cross-claim of defendant GES Exposition Services for lack of personal jurisdiction [Docket No. 16] is DENIED AS MOOT.

  5. The motion of defendant English Home Ltd. to dismiss plaintiff's claims for lack of personal jurisdiction [Docket No. 69] is DENIED AS MOOT.  And

  6. The Clerk of Court is DIRECTED TO TRANSFER this case to the United States District Court for the Southern District of New York.


Dated: August 15, 2006        s/Patrick J. Schiltz
                    Patrick J. Schiltz
                    United States District Judge